IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK N. JARVIS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-16-2961 |
| PRINCE GEORGE'S COUNTY MD., RUSHERN L. BAKER, III, and PRINCE GEORGE'S COUNTY POLICE | * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled civil rights action was filed on August 24, 2016, together with a Motion to Proceed in Forma Pauperis. ECF 2. Because the Plaintiff appears to be indigent, the motion is granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff alleges that Prince George's County Police Officers refused to prepare a police report after responding to the parking lot where his car had been vandalized. When Plaintiff attempted to have the responding officer's supervisors intervene and reported the matter to internal affairs, the incident was still not reported. He states that the failure to "take a police report" violates his constitutional rights under the Fourteenth Amendment and seeks one million dollars in damages. ECF 1.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89,

94 (2007).  In evaluating such a Complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, A[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally.@ *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Further, under the provisions of 28 U.S.C.  §1915(e) "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . [or] fails to state a claim on which relief may be granted."

As an alleged crime victim, Plaintiff has no legally protected interest in the prosecution of others.  *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ([I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").  *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, 133 S. Ct. 1263, 185 L.Ed.2d 183  (2013).  Here, the alleged failure to prepare a police report as an initial step toward criminal prosecution of the responsible party is not conduct implicating a cognizable constitutional right.

Plaintiff also claims that the alleged conduct violated 42 U.S.C. §1983. Section 1983, remedial in nature, does not create an independently enforceable right.  A cognizable claim under

§ 1983 requires proof of "deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983. Similarly, a claim under 42 U.S.C. §1985 (Conspiracy to interfere with civil rights) and §1986 (Action for neglect to prevent) requires proof of the deprivation of rights secured by the Constitution and laws of the United States.  Absent a cognizable claim of such a deprivation, no cause of action accrues under any of the statutes noted.

To the extent that Plaintiff alleges a state-law claim regarding negligence, this Court declines to exercise supplemental jurisdiction, and thus dismisses that claim without prejudice.

A separate Order follows.


  08/29/16                                                    /S/
Date                                        Paula Xinis
                                            United States District Judge